PER CURIAM.
Appellant raises, among other issues, a double jeopardy challenge to multiple convictions and sentences for grand theft of property between $300 and $20,000 and of a firearm for his single act of purse snatching. See Sections 812.014(2)(c) 1. and 3., Florida Statutes (1987). Since this act occurred after the. amendment to the rule of lenity became effective (see Section 775.-021, Florida Statutes (Supp.1988)), we AFFIRM as to this point. See Davis v. State, 560 So.2d 1231 (Fla. 5th DCA), jurisdiction accepted, 568 So.2d 435 (Fla.1990); Porterfield v. State, 567 So.2d 429, 430 n. 2 (Fla.1990); State v. Hatten, 560 So.2d 1172 (Fla.1990); State v. Burton, 555 So.2d 1210 (Fla.1990); St. Fabre v. State, 548 So.2d 797 (Fla. 1st DCA 1989); State v. Smith, 547 So.2d 613 (Fla.1989). However, we certify to the Florida Supreme Court the following question of great public importance:
WHEN A DOUBLE JEOPARDY VIOLATION IS ALLEGED BASED ON THE CRIMES OF GRAND THEFT OF PROPERTY (BETWEEN $300 AND $20,000) AND OF A FIREARM IN A SINGLE ACT, AND THE CRIMES OCCURRED AFTER THE EFFECTIVE DATE OF SECTION 775.021, FLORIDA STATUTES (SUPP.1988), IS IT UNLAWFUL TO CONVICT AND SENTENCE FOR BOTH CRIMES?
We find that the remaining issues lack merit and AFFIRM them as well.
BOOTH, WENTWORTH and MINER, JJ., concur.