577 So.2d 986 (1991)
Derrick COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1004.
District Court of Appeal of Florida, Fourth District.
April 3, 1991.
Margaret A. Broz, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions and sentences arising from an armed robbery. We write to expressly reject appellant's claims that his dual convictions for armed robbery and grand theft as well for armed robbery and aggravated assault violate double jeopardy.
The acts which gave rise to the charged offenses occurred subsequent to the effective date of the statutory amendment to section 775.021(4), Fla. Stat. (Supp. 1988), and therefore appellant's reliance upon Carawan v. State, 515 So.2d 161 (Fla. 1987), is misplaced. The effect of the statutory amendment is to return the law of double jeopardy to its pre-Carawan state, when the Blockburger[1] analysis controlled. See Scarpillo v. State, 576 So.2d 377 (Fla. 4th DCA 1991). A comparison of the statutory elements of armed robbery and grand theft reveal that each requires an element that the other does not, suggesting that the legislature intended dual convictions. See § 812.014, Fla. Stat. (Supp. 1988); § 812.13, Fla. Stat. (1987); see also Blockburger. Further, in State v. Baker, 452 So.2d 927 (Fla. 1984), a pre-Carawan decision, the supreme court expressly found that dual convictions for both armed robbery and aggravated assault were proper. See also Brown v. State, 569 So.2d 1320 (Fla. 1st DCA 1990) (dual convictions for armed robbery and aggravated assault proper under statutory amendment to § 775.021(4)).
Accordingly, we hold that under section 775.021(4), Fla. Stat. (Supp. 1988), dual convictions for armed robbery and grand theft as well as for armed robbery and aggravated assault do not violate the constitutional prohibition against double jeopardy. We find no merit in appellant's other points on appeal.
AFFIRMED.
ANSTEAD and DELL, JJ., and WALDEN, JAMES H., Senior Judge, concur.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).