PER CURIAM.
We affirm in part and reverse in part. We agree with appellant that constitutional double jeopardy considerations bar his convictions for both armed robbery and the larceny included in the robbery. See State v. Rodriquez, 500 So.2d 120 (Fla.1986). We disagree, however, that appellant could not be convicted of both armed robbery and aggravated assault. See State v. Baker, 452 So.2d 927 (Fla.1984); Collins v. State, 577 So.2d 986 (Fla. 4th DCA 1991). We also agree with the state, in its cross appeal, that the trial court erred in its application of the sentencing provisions of the habitual offender statute. Taylor v. State, 589 So.2d 919 (Fla. 4th DCA 1991). Contra Henry v. State, 581 So.2d 928 (Fla. 3d DCA 1991). Under Taylor, appellant here may not be resentenced as an habitual offender, although the trial court may consider deviating from the guidelines if valid written reasons are provided.
In accord with the above we reverse with directions that appellant’s conviction for petit larceny be vacated and that appellant be resentenced for his remaining convictions in accord with the above.
GLICKSTEIN, C.J., and ANSTEAD and HERSEY, JJ., concur.