597 So.2d 798 (1992)
Raymond JOHNSON, etc., Petitioner,
v.
STATE of Florida, Respondent.
No. 77588.
Supreme Court of Florida.
April 30, 1992.
Nancy A. Daniels, Public Defender and Lynn A. Williams, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Sr. Asst. Atty. Gen. and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Johnson v. State, 574 So.2d 242 (Fla. 1st DCA 1991), which certified the following question of great public importance:
WHEN A DOUBLE JEOPARDY VIOLATION IS ALLEGED BASED ON THE CRIMES OF GRAND THEFT OF PROPERTY (BETWEEN $300 AND $20,000) AND OF A FIREARM IN A SINGLE ACT, AND THE CRIMES OCCURRED *799 AFTER THE EFFECTIVE DATE OF SECTION 775.021, FLORIDA STATUTES (SUPP. 1988), IS IT UNLAWFUL TO CONVICT AND SENTENCE FOR BOTH CRIMES?
Id. at 242. We rephrase the question as follows:
May a defendant be separately convicted and sentenced for grand theft of cash and grand theft of a firearm accomplished by means of snatching a purse that contained both cash and a firearm when the defendant did not know the nature of the purse's contents?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the rephrased question in the negative and remand for further proceedings.
Raymond Johnson was convicted and sentenced for the crimes of burglary of a conveyance, grand theft of property (i.e., cash and payroll checks), and grand theft of a firearm. All of these crimes allegedly were committed when Johnson snatched a purse left in an unattended car at a gas station. That purse contained both money and a firearm, among other items. A filling station attendant identified Johnson as the man he had seen near the victim's car immediately before and after the snatching. An eye witness saw Johnson fleeing the scene.
The theft occurred when Johnson wrongfully took the property of another. He did this in one swift motion. The degree of the crime of theft depends on what was taken. Because of the value of the property, his crime was a third-degree felony. Because part of the goods he took was a firearm, his crime additionally is defined as a third-degree felony. Subsection 812.014(1), Florida Statutes (1989), defines the crime of theft, and subsection 812.014(2) sets the degree of the crime committed under subsection (1). We conclude that the value of the goods or the taking of a firearm merely defines the degree of the felony and does not constitute separate crimes. A separate crime occurs only when there are separate distinct acts of seizing the property of another.
We recognize that our views herein appear to be contrary to State v. Getz, 435 So.2d 789 (Fla. 1983), wherein we upheld a third-degree felony conviction for the taking of a gun and a petit theft conviction for the taking of a calculator when both takings occurred during a household burglary. In Getz, however, there was a separate intent and act to take each item. In this case there was one intent and one act of taking the handbag. Had the gun been picked up separately from the taking of the handbag, Getz would allow separate convictions. However, neither Getz nor Grappin v. State, 450 So.2d 480 (Fla. 1984) (where five firearms were knowingly taken), should apply where an enclosed bag and its contents are the subject of the theft in one swift action. Accordingly, there could be only one theft conviction in this case.
Finally, we reject the other issues raised by the petitioner. While some of the evidence against Johnson unquestionably was circumstantial, there also is a significant amount of direct evidence against him in the form of testimony by an eye witness. This is sufficient to support the fact-finder's conclusion that Johnson's guilt was proved beyond a reasonable doubt. We also believe that the victim's testimony that she had not received any reimbursement for the property stolen from her, if error, was harmless beyond any reasonable doubt in light of the totality of this record. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The opinion below is quashed and this cause is remanded for further proceedings consistent with the views expressed above.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.