603 So.2d 82 (1992)
Jessie SIRMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1178.
District Court of Appeal of Florida, Fifth District.
July 31, 1992.
Rehearing Denied August 28, 1992.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
The only issue that merits discussion in this appeal is whether convictions for both grand theft auto and robbery with a weapon are proper when the convictions are predicated on a single taking of the same automobile. We hold that both convictions are proper and affirm.
Sirmons gained entrance to the victim's automobile by threatening her with a knife and then directed her to drive to different locations. Later, Sirmons drove. After terrifying her with repeated acts of sexual battery and threats of death, he finally returned the keys to the victim, abandoning both the victim and the automobile.
In Rodriquez v. State, 443 So.2d 236 (Fla. 5th DCA 1983) (Rodriquez I), this court considered whether a defendant could be convicted and punished for both robbery and grand theft when there was a single taking of property. This court held that dual convictions for these offenses were improper, reaffirming our earlier decisions that the theft of property which supports a conviction of robbery, even though that theft be grand theft, is a necessarily lesser included offense of robbery. Rodriquez I, at 239, citing Perkins v. Williams, 424 So.2d 990 (Fla. 5th DCA 1983); Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), review denied, 412 So.2d 470 *83 (Fla. 1982). See also McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979).
Rodriquez I was quashed in Rodriquez v. State, 500 So.2d 120 (Fla. 1986) (Rodriquez II). In reversing, the supreme court recognized the principle of constitutional law found in Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983): "Where a single act violates two criminal statutes, separate punishments for the two offenses are permissable if the legislature intends such a result." Rodriquez II, at 121. The court disapproved this court's emphasis on the facts of the case rather than on the statutory elements of the crimes charged. Rodriquez I also used erroneous reasoning, said the court, because it ignored the "clear legislative intent" expressed in section 775.021(4), that there be convictions and sentences for each criminal offense committed during a criminal episode. The supreme court stated:
It is now well settled in Florida that the determination of whether one offense is a lesser included offense of another, at least for purposes of deciding whether there may be cumulative convictions based on a single factual event, is made by analysis of the statutory elements, without regard to the allegations in a particular charging document or the evidence presented at a particular trial. State v. Baker, 456 So.2d 419 (Fla. 1984); State v. Baker, 452 So.2d 927 (Fla. 1984); Borges v. State, 415 So.2d 1265 (Fla. 1982).
Rodriquez II, at 121-22. The court then went on to analyze the robbery and grand theft statutes concluding that each contains at least one element that the other does not, to-wit: robbery  force; grand theft  the value of the property taken.
Thereafter, in Carawan v. State, 515 So.2d 161 (Fla. 1987), the supreme court expressly receded from Rodriquez II. The court concluded that dual punishments were improper since robbery and grand theft, when predicated on a single underlying act, address the same evil. Carawan, at 170. Carawan was short-lived, however, and the supreme court conceded in State v. Smith, 547 So.2d 613 (Fla. 1989), that the rules of construction announced in Carawan were overridden by the legislative amendment of section 775.021(4), Florida Statutes. Smith leads us to believe that Rodriquez II is again the rule in Florida criminal jurisprudence and that dual convictions and sentences can result when robbery and grand theft are committed during a single act.
We are led to this conclusion by the following:
1. Although without citation to Blockburger,[1] the Smith court used the Blockburger test to determine whether the crimes charged were separate offenses subject to separate punishments. The legislative intent expressed in section 775.021(4), Florida Statutes (Supp. 1988), was cited as authority, but the statute appears to adopt the Blockburger test. See Smith, 547 So.2d at 618 n. 3 (Shaw, J., concurring in part, dissenting in part).
2. The court stated in Smith that, "[a]bsent a statutory degree crime or a contrary clear and specific statement of legislative intent in the particular criminal offense statutes, all criminal offenses containing unique statutory elements shall be separately punished." Smith, at 616. The court specifically held in Rodriquez II that second-degree grand theft is not a lesser included offense of robbery. Rodriquez II, at 121.
Having reviewed the recent unanimous decision of Johnson v. State, 597 So.2d 798 (Fla. 1992), however, we admit we entertain some doubt whether the supreme court would conclude that Rodriquez II controls. In Johnson, the supreme court analyzed the theft statute, section 812.014, Florida Statutes (1989). The supreme court held that the crime of theft is defined by subsection (1) of the statute[2] and that subsection *84 (2) merely defines the degree of the crime committed under subsection (1). Thus, there is only one crime, that of theft. The value or the nature of the item as set forth in subsection (2) merely classifies the degree of the crime for the purpose of imposing a more severe sentence for the higher degree of the crime. Part of the rationale in Rodriquez II was that second degree grand theft was a separate crime containing an element not contained in the crime of robbery, to-wit: value of the property taken must be $100 or more, but less than $20,000. The Rodriquez II court added that second degree theft was a separate crime even though petit theft as defined in section 812.014 is a necessarily included lesser offense of robbery. Rodriquez II, at 122. Johnson seems to cloud that distinction. Further, Johnson seems to hold that, where there is one taking, there is one crime.
Notwithstanding some doubt raised by Johnson, we conclude that Rodriquez II controls the question whether there can be dual convictions of robbery and grand theft auto for a forceful taking of an automobile from another. We note that we are in good company. Collins v. State, 577 So.2d 986 (Fla. 4th DCA 1991); see also Huston v. State, 557 So.2d 887, 887 (Fla. 4th DCA 1990) (Anstead, J., concurring specially).[3]
The judgment and sentences are affirmed.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] Subsection 812.014(1) provides:

A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
[3] Compare Jackson v. State, 587 So.2d 1168 (Fla. 4th DCA 1991), citing Rodriquez II, holding that convictions for both armed robbery and the underlying larceny were barred by double jeopardy considerations. Since the Fourth District cited Rodriquez II, we assume that the reference to larceny in Jackson meant petit theft.