COBB, Judge.
The appellant, Elester Wright, was convicted of robbery with a firearm and grand theft. He challenges the grand theft conviction on two bases:
1) The state failed to prove the value of the stolen items was $300.00 or more.
2) If the theft underlying the robbery was petit theft instead of grand theft, as argued above, then the theft is a necessarily lesser included offense of the robbery pursuant to State v. Rodriquez, 500 So.2d 120 (Fla.1986). The defendant also requests, in the event we determine that the evidence was sufficient to support a conviction for grand theft, that we certify the question as to whether grand theft and robbery are the same offense when predicated on a single act as we did in the recent case of Simons v. State, 603 So.2d 82 (Fla. 5th DCA 1992), rev. accepted, 613 So.2d 9 (Fla.1992).
In regard to the first argument, Wright points out that the state conceded in its closing argument to the jury that the value of the victim’s stolen wallet and its contents did not amount to $300.00 unless the jury could consider two automatic teller machine cards (ATM cards) in the wallet as “written instruments” as defined by section 812.012(9), Florida Statutes (1991), which provides the following definition of “value” in regard to the crime of theft:
(9) ‘Value” means value determined according to any of the following:
(a) 1. Value means the market value of the property at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
2. The value of a written instrument that does not have a readily ascertainable market value, in the ease of an instrument such as a check, draft, or promissory note, is the amount due or collectible or is, in the case of any other instrument which creates, releases, discharges, or otherwise af- *300 feets any valuable legal right, privilege, or obligation, the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.
3. The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner, suffered by reason of losing an advantage over those who do not know of or use the trade secret.
(b) If the value of property cannot be ascertained, the trier of fact may find the value to be not less than a certain amount; if no such minimum value can be ascertained, the value is an amount less than $100.
(c) Amounts of value of separate properties involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the same person or from several persons, may be aggregated in determining the grade of the offense.
It was clearly established at trial that the victim’s bank accounts for the ATM cards, together with the cash in the stolen wallet, exceeded $300.00. Wright argues, however, that ATM cards are governed by Part II of Chapter 817 of the Florida Statutes, which makes it only a misdemeanor to steal an ATM or a credit card. In other words, the value of an account corresponding to a card is relevant only at such time as the card is actually used to wrongfully withdraw or attempt to withdraw money from that account, which is not at issue in this case. The state has failed to effectively respond to this argument on appeal.
Based upon our reading of the provisions of sections 817.60(1) and 817.67(1), we agree with the argument of Wright. The mere theft of an ATM card is a misdemeanor irrespective of the bank account it represents. Its inherent value, for purposes of the theft statute, is an indeterminate one, which cannot support the state’s argument in the instant case. Therefore, we reverse Wright’s theft conviction as the petit theft is subsumed as a necessarily lesser included offense of the robbery. As a result, we do not reach the issue here which was certified in Simmons.
Wright’s conviction for grand theft is reversed and this cause is remanded for resen-tencing.
REVERSED AND REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.