FARMER, C.J.
Defendant was convicted of first degree grand theft and third degree grand theft arising from the same act. He claims double jeopardy. We agree and reverse.
The owner reported her vehicle stolen to the police one morning. It was recovered the following day. Defendant was found asleep within. Missing from the vehicle were approximately $300 in currency and nearly $360 in rolled coins. Also missing were two pairs of new shoes, a cell phone charger, and a cosmetics bag. The vehicle contained some things not belonging to its owner, including a bicycle, cigarette butts, two crack cocaine pipes, a purse belonging to someone else, and credit cards belonging to still other individuals.
During trial, defense counsel moved for a judgment of acquittal, asserting that the charges of grand theft of a motor vehicle and third degree grand theft were duplica-tive and that dual convictions would consti *648 tute double jeopardy. The trial court denied the motion.
The Double Jeopardy Clause of the Florida Constitution provides that “[n]o person shall be ... twice put in jeopardy for the same offense.” Art. I, § 9, Fla. Const. “A separate crime occurs only when there are separate and distinct acts of seizing the property of another.” Johnson v. State, 597 So.2d 798, 799 (Fla.1992). Where property is stolen from a single victim, the supreme court has explained:
“courts should look to whether there was a separation of time, place, or circumstances between [the first charged grand theft] and the subsequent grand theft ... to determine whether there are distinct and independent criminal acts or whether there is one continuous criminal act with a single criminal intent.”
Hayes v. State, 803 So.2d 695, 704 (Fla. 2001).
Defendant argues that he may not be convicted of both grand theft of a motor vehicle and a separate charge for grand theft of its contents, where all are owned by the same person and both offenses occurred at the same time. He contends that such dual convictions would violate his right to be free from double jeopardy. He also contends that because the State failed to present evidence that the theft of the vehicle occurred at a different time than the theft of the contents, or that the contents were owned by different people, it was error to convict him on both theft counts.
The State responds that there was a separation of time, place and circumstances between the theft of the van and the theft of some of its contents, warranting convictions on both counts. The State argues that the evidence proved that he had used the van for at least two days after it was stolen, that he and at least two other persons spent time “partying” in the van, and that items stolen belonged to people other than the owner of the stolen vehicle. The State maintains that because sufficient evidence was presented at trial to establish that the theft of the vehicle and the theft of the contents occurred at different times, both convictions were lawful.
This case is controlled by the supreme court’s decision in Johnson v. State, 597 So.2d 798 (Fla.1992). Ajs the Court there stated:
“The theft occurred when Johnson wrongfully took the property of another. He did this in one swift motion. The degree of the crime of theft depends on what was taken. Because of the value of the property, his crime was a third-degree felony.... Subsection 812.014(1) defines the crime of theft, and subsection 812.014(2) sets the degree of the crime committed under subsection (1). We conclude that the value of the goods or the taking of a firearm merely defines the degree of the felony and does not constitute separate crimes.”
Johnson, 597 So.2d at 799. Indeed in Ford v. State, 849 So.2d 477 (Fla. 4th DCA 2003), we recently applied this very same rationale to the identical issue:
“appellant’s taking of the vehicle occurred simultaneously with the taking of the construction equipment which was inside the vehicle at the time of the vehicle theft. Thus, there was no separation of time, place or circumstances between the takings to make the two offenses separate and distinct. Accordingly, the grand theft of construction equipment in count II is subsumed into the grand theft of a motor vehicle in count I.”
Ford, 849 So.2d at 478. Other courts in this State have decided this issue the same *649 way. See Rudolf v. State, 851 So.2d 839, 842 (Fla. 2d DCA 2003) (“He committed one act of stealing a vehicle, with whatever contents might be in it.”); Beaudry v. State, 809 So.2d 83, 84 (Fla. 5th DCA 2002) (“Here, there is one act of taking (of the car and its contents) with no geographic or temporal separation between two acts of taking.”).
Mclnnis v. State, 605 So.2d 153 (Fla. 4th DCA 1992), is not inconsistent. It can reasonably be inferred from that opinion that the vehicle was owned by one person and the merchandise by someone else.

Reversed.

WARNER and SHAHOOD, JJ., concur.