907 So.2d 640 (2005)
Judith GORDAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1553.
District Court of Appeal of Florida, Third District.
July 27, 2005.
*641 Bennett H. Brummer, Public Defender and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Lucretia A. Pitts, Assistant Public Defender, for appellee.
Before GREEN, WELLS, and SHEPHERD, JJ.
GREEN, J.
Judith Gorday appeals her conviction and sentence for armed robbery stemming from an incident during which she took a purse containing a credit card. On this appeal, she argues that her conviction and *642 sentence for armed robbery violates her constitutional protection against double jeopardy because she was previously convicted and sentenced for the theft of a credit card. She asserts that the taking of the purse was a single criminal act with no temporal, geographical, or circumstantial separation from the taking of the credit card that was inside the purse. We agree and reverse.
The salient undisputed facts of this case are that on July 21, 2002, Gorday and her male codefendant drove into a Walgreen's parking lot in a Chevrolet Corsica. While Gorday stood by the car, her codefendant walked over to the victim, who was getting into her parked car. The codefendant displayed a pair of scissors and demanded the victim's purse and car keys. The victim complied. Before Gorday and the codefendant drove away, Gorday held up the victim's keys and stated, "We're going to leave your keys a few spaces away." The codefendant and Gorday then drove away. Gorday was a passenger.
After driving away, Gorday removed all of the valuables from the victim's purse, including the credit card. Gorday then discarded the purse. Afterwards, Gorday and the codefendant drove to a gas station and tried to use the credit card.
In the meantime, a Hialeah police officer, who had received a "BOLO" for a Chevy Corsica, spotted a Corsica at the gas station. The officer observed Gorday attempting to use a credit card to purchase gas.
Gorday and her codefendant were arrested and charged in Circuit Court with armed robbery with a deadly weapon  scissors. Additionally, they were charged in County Court with credit card theft, a first degree misdemeanor under section 817.60(1), Florida Statutes (2002), arising from the same incident. Gorday pled guilty to the misdemeanor credit card theft charge, and was adjudicated and sentenced to time served.
The State then proceeded to prosecute Gorday, as a principal, in Circuit Court on the armed robbery charge, under section 812.13(2)(a), Florida Statutes (2002). Gorday moved to dismiss this felony charge on grounds that this prosecution violated her double jeopardy rights. Specifically, she argued that the credit card theft charge was subsumed by the armed robbery charge because the credit card was inside the purse when it was taken from the victim; that the theft was one continuous act with no separation in time or space. Therefore, she claimed that since she had already pled guilty to the credit card theft charge, the robbery charge violated double jeopardy and should be dismissed.
The State filed its traverse acknowledging that credit card theft is a degree variant of an armed robbery charge. However, the State maintained that dual convictions and sentences were permissible because the armed robbery and credit card theft were two independent criminal acts, separated by time, place, and circumstance with intervening acts. The State essentially argued that the armed robbery occurred upon the taking of the purse with the deadly weapon; and that the credit card theft occurred after the robbery scene had been abandoned and the credit card was used.
The trial court orally denied the motion to dismiss. Gorday pled to the charge and reserved her right to appeal the denial of her motion to dismiss. She then filed this appeal and argues that the trial court erred in denying her motion to dismiss the armed robbery charge on grounds of double jeopardy. We agree.
Both the Fifth Amendment to the United States Constitution and Article I, Section 9, of the Florida Constitution *643 protect criminal defendants from dual convictions and punishments for the same offense. Cruller v. State, 808 So.2d 201, 203 (Fla.2002); Hayes v. State, 803 So.2d 695, 699 (Fla.2001). As enunciated by the Florida Supreme Court, "the standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Cruller, 808 So.2d at 203 (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). See State v. Florida, 894 So.2d 941, 945 (Fla. 2005). Legislative intent to authorize dual convictions and sentences may be expressly stated in a statute or discerned through the Blockburger[1] statutory construction test, which has been codified in Section 775.021(4), Florida Statutes (2002).[2]M.P. v. State, 682 So.2d at 81. The Blockburger test, or the "same-elements" test, "inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution." M.P., 682 So.2d at 81.
In this case, Gorday was charged both with armed robbery of the victim's purse, in violation of section 812.13(2)(a), and theft of the credit card found therein in violation of section 817.60(1). The armed robbery statute reads as follows:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 812.13, Fla. Stat. (2002)(emphasis added).
The credit card theft statute reads as follows:
(1) THEFT BY TAKING OR RETAINING POSSESSION OF CARD TAKEN.  A person who takes a credit card from the person, possession, custody, or control of another without the cardholder's consent ... is guilty of credit card theft and is subject to the penalties set forth in s. 817.67(1)....
§ 817.60(1), Fla. Stat. (2002).
We have located nothing in the language, structure, or legislative history of *644 the credit card theft statute, which indicates an expressed legislative intent to punish the theft of a credit card separately from the armed robbery of a purse containing the credit card. Compare Cruller, 808 So.2d at 203 (finding that the language, structure, and legislative history of the carjacking statute represent a clear statement from the Legislature that it intended to authorize separate punishments for carjacking and robbery, when the indictment for robbery lists property other than a motor vehicle); M.P., 682 So.2d at 82 ("Florida legislature clearly stated its intent to punish possession of a firearm by a minor in addition to any other firearm-related offenses. Section 790.22(7) ... provides that `[t]he provisions of this section are supplemental to all other provisions of law relating to the possession, use, or exhibition of firearms.'"). That is, there is no language in section 817.60 to evidence an intent for credit card theft to be punished separately from other theft penalties provided by law when the credit card theft arises out of a single criminal episode.
Hence, in the absence of a legislative mandate, we must next consider whether the Blockburger test, as codified in section 775.021(4), permits dual convictions for robbery and credit card theft. The statutory elements of armed robbery are essentially the taking of property of another "when in the course of the taking there is the use of force, violence, assault, or putting in fear." § 812.13(1), Fla. Stat. (2002). The statutory elements of credit card theft are essentially the taking of a credit card from a person without the person's consent. § 817.60(1), Fla. Stat. (2002). Obviously, the crime of robbery requires proof of an element (i.e. the use of force, violence, assault or putting in fear) that is not contained in the credit card theft statute. Thus, under a strict Blockburger analysis we would be compelled to conclude that the dual convictions in this case are proper. See State v. McDonald, 690 So.2d 1317, 1319 (Fla. 2d DCA 1997).
However, one of the exceptions to the Blockburger analysis, codified in section 775.021(4)(b)(2), prohibits dual convictions from a single episode where one crime is a degree variant of the other. As conceded by the State, armed robbery and credit card theft are merely degree variants of the same core offense of theft. Dual convictions for these offenses are therefore barred in this case where they arise out of one criminal episode. See Sirmons v. State, 634 So.2d 153, 154 (Fla.1994)(dual convictions for armed robbery with a weapon and grand theft of automobile cannot stand because "these offenses are merely degree variants of the core offense of theft"); State v. Thompson, 607 So.2d 422, 422 (Fla.1992)(dual convictions for fraudulent sale of a counterfeit controlled substance and felony petit theft for the same act barred because both offenses are degrees of theft); Johnson v. State, 597 So.2d 798, 799 (Fla.1992)(dual convictions for theft of a handbag and of a firearm contained therein are unauthorized because taking accomplished with "one intent and one act"); Riley v. State, 854 So.2d 807 (Fla. 1st DCA 2003) (because illegally obtaining property through use of forged credit card and grand theft are degrees of the same offense, appellant's conviction for grant theft vacated and conviction for fraudulent use of credit card upheld); Ross v. State, 760 So.2d 214 (Fla. 2d DCA 2000)(same); Junior v. State, 763 So.2d 1056 (Fla. 4th DCA 1999)(dual convictions for strong armed robbery and grand theft based on the taking of the same property cannot stand); State v. McDonald, 690 So.2d 1317 (Fla. 2d DCA 1997)(prosecution and sentence for grand theft violated double jeopardy where defendant had been convicted of fraudulent credit card use and offenses arose out of *645 same criminal episode); Wolf v. State, 679 So.2d 351 (Fla. 5th DCA 1996)(convictions for both petit theft and fraudulent use of a credit card arising out of a single act is improper).
Notwithstanding this exception, the State asserts that the armed robbery and credit card theft did not arise out of the same criminal episode in this case. We cannot agree. Here, the theft of the victim's credit card was accomplished when her purse was taken away from her in one swift action. Johnson v. State, 597 So.2d 798 (Fla.1992).
In Johnson, a case strikingly similar to this case, the Supreme Court concluded that the defendant could not be convicted and sentenced separately for grand theft of cash and grand theft of a firearm accomplished by means of a single purse snatching. By way of instruction, the Johnson court explained that a "separate crime occurs only when there are separate distinct acts of seizing the property of another.... Had the gun been picked up separately from the taking of the handbag," separate convictions would be permissible. Id. at 799.[3] However, "where an enclosed bag and its contents are the subject of the theft in one swift action ... there c[an] only be one theft conviction in this case." Id.
Very recently, in Moore v. State, 904 So.2d 647 (Fla. 4th DCA 2005), applying Johnson, the court arrived at the same conclusion. The State in Moore argued, as the State does in this case, that double jeopardy did not bar dual convictions for theft of the vehicle and theft of its contents. In Moore the State "maintain[ed] that because sufficient evidence was presented at trial to establish that the theft of the vehicle and the theft of the contents occurred at different times, both convictions were lawful." Moore, 904 So.2d at 648. Applying Johnson, Moore reiterates the rule that when a defendant commits one act of theft, there cannot be a separate conviction for theft of items within the stolen object. Moore, 904 So.2d at 648.
Likewise in this case, there was only one intent and one act of taking. The taking or theft was complete when the purse was stolen from the victim in one swift motion. Contrary to the State's argument on appeal, the subsequent removal of the credit card from the victim's purse was not an independent theft offense. See Ward v. State, 898 So.2d 1152 (Fla. 5th DCA 2005)(double jeopardy prohibits grand theft and robbery conviction where property taken from victim at the same time); Elozar v. State, 825 So.2d 490 (Fla. 5th DCA 2002)(grand theft and robbery convictions for same property taken at same time from same victim, improper).
The State's reliance on the Supreme Court's decision in Hayes v. State, 803 So.2d 695 (Fla.2001) for the proposition that there were two thefts in this case is misplaced. Hayes was factually dissimilar to this case. In Hayes, the defendant stole various items from inside the victim's residence including the victim's car keys, and then proceeded outside the residence to steal the victim's car utilizing the keys. The supreme court concluded that the defendant could be properly convicted of both armed robbery of the property in the residence as well as grand theft of the motor vehicle without violating double jeopardy. The court concluded that where there is a geographic and temporal separation *646 in the taking of separate property, the defendant could be separately convicted of armed robbery and grand theft of the motor vehicle. Unlike the factual scenario in Hayes, however, this case involves one single taking of the victim's purse and the contents therein with one single criminal intent of depriving the victim of her purse and its contents.
Thus, for all of the foregoing reasons, Gorday's conviction and sentence for armed robbery cannot stand. We, therefore, reverse and remand with directions that she be discharged forthwith.
Reversed and remanded with directions.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[2] Section 775.021 provides:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
[3] Accord Mixson v. State, 857 So.2d 362 (Fla. 1st DCA 2003)(double jeopardy bars convictions for theft of truck and theft of contents where there was only one act of taking the truck); Rudolf v. State, 851 So.2d 839 (Fla. 2d DCA 2003)(same); Beaudry v. State, 809 So.2d 83 (Fla. 5th DCA 2002)(same).