956 So.2d 1279 (2007)
William CRUZ, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1763.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
*1280 STONE, J.
William Cruz, Jr. appeals his jury convictions for one count of driving while license revoked  habitual offender; one count of high-speed or wanton fleeing; one count of willful wanton reckless driving; one count of aggravated assault on law enforcement officer  deadly weapon; and one count of resisting officer without violence. He claims that his two convictions for variants of reckless driving violate double jeopardy. Cruz concedes his failure to preserve his other point on appeal concerning a jury instruction. As any error was not fundamental, we refrain from discussion of this issue and affirm as to both.
Cruz was charged by information with the aforementioned counts, following a high speed chase with multiple law enforcement officers that ended with Cruz ramming a police vehicle before coming to a stop. Four different officers made sworn statements detailing the chase.
At trial, the state presented evidence that Deputy Sheriff Primm observed a speeding vehicle and followed it. By the time the deputy stopped the speeding vehicle, he had been joined by three other deputies in separate cars  Cunningham, Nelson, and Lavosky. Cruz was the sole occupant of the errant car. When asked to turn off the car's engine, Cruz did not, asking Primm questions instead. Cunningham walked over, looked inside the vehicle and recognized Cruz, at which point Cruz took off, accelerating. Primm followed in pursuit, lights flashing and siren activated, as did Nelson, Cunningham, and Lavosky. Cunningham's truck was not marked but was equipped with blue lights in both the front and rear of the vehicle. The other police vehicles were completely marked with insignia and outfitted with lights and sirens.
Deputy Sheriff Mobler first heard of the chase over his police radio and then saw it coming toward him. He observed the lead vehicle, driven by Cruz, and turned in immediately behind the car as it continued into a residential area driving nearly 100 miles an hour. Mobler followed as Cruz drove across the grass, in between occupied apartment buildings, and over a cement picnic table, tearing up landscaping. Finally, Mobler attempted to "pit" the vehicle, a maneuver designed to disable a vehicle by coming up beside it and trying to spin it out, resulting in its ultimate stop. Mobler was unsuccessful with the maneuver.
The chase persisted. With Mobler behind him, Cruz made a turn as Cunningham was coming through an entrance, effectively blocking further escape. Cruz drove into Cunningham's vehicle as the policeman veered to avoid being hit, then turned right and hit the officer's truck a second time. Everyone came to a stop. Mobler, gun drawn, ordered Cruz out of his vehicle. Cruz complied after repeated prompts, but kept his hands out of the officer's sight. Nelson tasered Cruz's hand to gain control and, finally, handcuffed and arrested him. Mobler estimated Cruz's speed at 100 miles an hour; Primm testified that Cruz was going at least ninety plus miles an hour, as the officer was going in excess of ninety and could not catch up.
Cruz argues that his conviction for both high speed or wanton fleeing and willful wanton reckless driving violates the prohibition against double jeopardy. He is correct that a double jeopardy violation would be fundamental error and can be raised for the first time on appeal. Sneed v. State, 749 So.2d 545, 546 (Fla. 4th DCA 2000). We review a double jeopardy claim de novo. State v. Florida, 894 So.2d 941, 945 (Fla.2005).
*1281 Under the test found in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932),[1] "dual convictions are authorized only if each offense contains an element that the other does not." Florida, 894 So.2d at 945. The Blockburger test is codified in section 775.021(4)(a), Florida Statutes.[2]
The statute contains the following expression of legislative intent and exceptions:
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1),[3] to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b), Fla. Stat.
Here, the elements of high-speed or wanton fleeing are: (1) Cruz was operating a vehicle upon a street or highway; (2) a duly authorized law enforcement officer ordered the defendant to stop or remain stopped; (3) Cruz, knowing he had been directed to stop by a duly authorized law enforcement officer, willfully refused or failed to stop the vehicle in compliance with the order; (4) the law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated; and (5) during the course of the fleeing or attempting to flee, William Cruz drove at a high speed OR in any manner demonstrating a wanton disregard for the safety of persons or property.
The elements of willful wanton reckless driving, as applied to this case, are: (1) Cruz was operating a motor vehicle upon a street or highway; and (2) Cruz drove the vehicle with a willful, wanton disregard for the safety of persons or property. It is apparent that more than identical elements of proof are required. Therefore, the crimes do not meet the Blockburger test. As clear is the fact that these are not degrees of the same offense. Further, the question presented is whether wanton and willful reckless driving is either a category one lesser-included offense of high-speed or wanton fleeing, or subsumed by the greater offense.
In the amendments to Standard Jury Instructions  Criminal Cases (99-1), 765 So.2d 692, 705 (2000), the Supreme Court of Florida listed the lesser-included offenses for section 316.1935(3), Florida Statutes, the fleeing statute for which Cruz was convicted. The only category *1282 one lesser-included offense is fleeing to elude, section 316.1935(2). On this, the trial court properly instructed the jury. The only category two lesser-included offense named is reckless driving, section 316.192, Florida Statutes  the other statute for which Cruz was convicted. "However, subsection (4)(b)(3) applies only to necessarily lesser included offenses listed in Category 1 of the Schedule of Lesser Included Offenses. . . ." Florida, 894 So.2d at 947 (citing to section 775.021(4)(b)(3), Fla. Stat.). This leads to the conclusion that Cruz's conviction for these two offenses did not violate double jeopardy.
Further, the state contends that section 316.1935 allows multiple prosecutions when a defendant eludes more than one law enforcement officer, even when all offenses flowed from one episode.
Cruz was charged with violation of section 316.1935(3)(a), Florida Statutes, which reads:
(3) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding:
(a) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
In State v. Mitchell, 719 So.2d 1245, 1248 (Fla. 1st DCA 1998), another case involving one count of reckless driving and one count of aggravated fleeing, the First District applied the Grappin/Watts "a/any test" and concluded that "the legislature clearly intended that the commission of multiple acts of fleeing or attempting to elude a law enforcement officer be prosecuted as discrete offenses notwithstanding that all occurred during a single episode."[4]See also Murphy v. State, 723 So.2d 313 (Fla. 1st DCA 1998).
In the instant case, the state presented eyewitness testimony from three separate officers in three separate cars, from whom Cruz had fled. Some officers witnessed his high speed fleeing, while another observed his reckless disregard for people and property while driving. This is clearly a situation contemplated by the statute.
Therefore, we conclude that, under any analysis, double jeopardy is not implicated, and affirm.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304, 52 S.Ct. 180.
[2] The effect of the statutory amendment codifying Blockburger was to return our state's double jeopardy law to its pre-Carawan state. Collins v. State, 577 So.2d 986 (Fla. 4th DCA 1991); see also Carawan v. State, 515 So.2d 161 (Fla.1987).
[3] Sub-section (1), also known as the rule of lenity, reads: "The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorable to the accused." § 775.021(1), Fla. Stat.
[4] The Grappin/Watts test is drawn from two decisions, Grappin v. State, 450 So.2d 480 (Fla.1984), and State v. Watts, 462 So.2d 813 (Fla.1985), and stands

for the proposition that when a question arises regarding the unit of prosecution intended by the legislature in a particular criminal statute, use of the article `a' will result in the conclusion that the legislature clearly intended that the commission of multiple proscribed acts in the course of a single episode be prosecuted as discrete offenses; whereas use of the article `any' will result in the conclusion that the statute is ambiguous as to legislative intent and, as a result, in application of the rule of lenity to prohibit more than one application.
Mitchell, 719 So.2d at 1247.