WARNER, J.,
concurring specially.
I concur in the denial of the request for rehearing en banc by the appellant. He suggests that the majority decision in this case conflicts with Cruz v. State, 956 So.2d 1279, 1282 n. 4 (Fla. 4th DCA 2007), where in a footnote we said, quoting State v. Mitchell, 719 So.2d 1245, 1248 (Fla. 1st DCA 1998):
The GrappinfWatts test is drawn from two decisions, Grappin v. State, 450 So.2d 480 (Fla.1984), and State v. Watts, 462 So.2d 813 (Fla.1985), and stands
for the proposition that when a question arises regarding the unit of prosecution intended by the legislature in a particular criminal statute, use of the article ‘a’ will result in the conclusion that the legislature clearly intended that the commission of multiple proscribed acts in the course of a single episode be prosecuted as discrete offenses; whereas use of the article ‘any1 will result in the conclusion that the statute is ambiguous as to legislative intent and, as a result, in application of the rule of lenity to prohibit more than one application.
Cruz, however, is factually distinguishable and did not consider Bautista v. State, 863 So.2d 1180 (Fla.2003), upon which the majority relies.
I think the majority opinion conflicts with Grappin and Bautista. But it is not the purpose of en banc proceedings to resolve conflicts between our cases and cases from the supreme court. That is for the supreme court under its discretionary jurisdiction, should it determine that a *154 true conflict exists. See Fla. R.App. P. 9.030(a)(2)(A)(iv). This case, however, reveals how Bautista has muddied the waters of statutory interpretation on the unit of prosecution, after Grappin had developed a clear and understandable rule which both the courts and the legislature could follow.