**Paul R. DAY, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2010–CA–002035–MR.

Court of Appeals of Kentucky.

May 18, 2012.

Erin Hoffman Yang, Assistant Public Advocate, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, J. Hays Lawson, Assistant Attorney general, Frankfort, KY, for Appellee.

Before ACREE, COMBS and KELLER, Judges.

## OPINION

ACREE, Judge:

The sole issue before us is whether Appellant Paul Day, Jr.'s conviction both for first-degree robbery under Kentucky Revised Statutes (KRS) 515.020 and for first-degree unlawful access to a computer under KRS 434.845 violates double jeopardy. We find it does not. Accordingly, we affirm.

## I. *Facts and Procedure*

On November 13, 2008, at approximately 5:15 a.m., Day, armed with a handgun, confronted Roger Becker while he was walking to work at Pennyrile Allied Community Services (PACS) in Hopkinsville, Kentucky. Day put a gun to Becker's back and demanded money. Becker did not have any cash. Day then told Becker to walk to an abandoned house approximately 75 to 100 feet away from PACS; Becker complied. Once inside the house, Day forced Becker to lay face down on the floor

and bound Becker's hands and feet. Day then demanded Becker's wallet. Becker explained he did not carry a wallet; instead, he only had a small leather case that contained his driver's license, military identification, and U.S. Bank debit card. Day took Becker's debit card and demanded Becker's pin number, which Becker provided. Day declared that, if the debit card and/or pin number did not work, he would return and kill Becker. Day stuffed a rag into Becker's mouth and fled the abandoned house.

Becker quickly freed himself and returned to PACS where co-workers called the police. Upon arrival, police officers observed Day leaving the U.S. Bank ATM, which was located approximately one-quarter mile from the abandoned house. After placing Day under arrest, police officers found $400.00 in Day's left pocket and $600.00 in Day's right pocket. Police officers also found a receipt in Day's pocket from a BB & T ATM indicating $400.00 was withdrawn from Becker's U.S. Bank account at 5:37 a.m. Police officers further discovered at Day's feet a receipt from a U.S. Bank ATM indicating $600.00 had been withdrawn from Becker's U.S. bank account at 5:41 a.m. Day subsequently admitted to using Becker's debit card at the BB & T and U.S. Bank ATMs.

On December 19, 2008, the Christian County Grand Jury returned an indictment charging Day with first-degree robbery, first-degree burglary, kidnapping, two counts of first-degree unlawful access to a computer, possession of a handgun by a convicted felon, and tampering with physical evidence. Day's case proceeded to trial and on August 20, 2010, the jury returned a guilty verdict as to all charges.[1] The Christian Circuit Court sentenced

---

1. We qualify this statement by noting that the jury found Day not guilty of being a second-degree persistent felony offender during the penalty enhancement phase of the trial.

Day to imprisonment for a total of fifteen years. Day promptly appealed.

## II. *Standard of Review*

■ Day concedes he failed to preserve this issue for appellate review. Nevertheless, as directed by our Supreme Court, "we will review for palpable error, as we have held—though not without some measure of reluctance—that failure to present a double jeopardy argument to the trial court should not result in allowing a conviction which violates double jeopardy to stand." *Clark v. Commonwealth,* 267 S.W.3d 668, 674–75 (Ky.2008) (footnote omitted).

## III. *Analysis*

■ Day contends his convictions for first-degree robbery under KRS 515.020 and first-degree unlawful access to a computer under KRS 434.845 [2] offend double jeopardy. Specifically, Day asserts his convictions arose out of one continuous act with no separation in time and place, and the legislature did not intend to punish a person for both first-degree robbery and first-degree unlawful access to a computer arising out of a single course of conduct. Consequently, Day argues, he was erroneously convicted of three crimes for one criminal act in violation of his constitutional protections against double jeopardy.[3] We find Day's arguments unpersuasive.

■ The Fifth Amendment's Double Jeopardy Clause guarantees no person shall "be subject for the same offense to be twice put in jeopardy of life or limb[.]" U.S. Const. Amend. 5; *Yeager v. United States,* 557 U.S. 110, 117, 129 S.Ct. 2360, 2365, 174 L.Ed.2d 78 (2009). Likewise, Section 13 of the Kentucky Constitution ensures no person shall "be twice put in jeopardy of his life or limb" for the same offense. Ky. Const. § 13; *see also* KRS 505.020; *Beaty v. Commonwealth,* 125 S.W.3d 196, 210 (Ky.2003). "The rule against double jeopardy ... presume[s] that where two statutory provisions proscribe the same offense, a legislature does not intend to impose two punishments for that offense." *Beaty,* 125 S.W.3d at 210 (internal quotation marks omitted). In determining whether a person may be prosecuted "for multiple offenses based upon one act, courts use two main guideposts—the *Blockburger* test and the expressed intent of the legislature." *Lloyd v. Commonwealth,* 324 S.W.3d 384, 387 (Ky.2010); *see also Beaty,* 125 S.W.3d at 210 ("Our rule against multiple prosecutions for the same course of conduct parallels the federal rule announced in *Blockburger*[.]"). Applying each guidepost to Day's convictions for first-degree robbery and first-degree unlawful access to a computer, we find no violation of the constitutional prohibition against double jeopardy.

### A. *Blockburger Test*

■ "Nearly eighty years ago, the United States Supreme Court issued its seminal decision in double jeopardy jurisprudence, *Blockburger v. United States,* [284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ]." *Lloyd,* 324 S.W.3d at 387. "In *Blockburger,* the Court held that 'where the same act or transaction constitutes a violation of two distinct statutory provi-

---

**2.** Both the Appellant and the Appellee contend Day was convicted of second-degree unlawful access to a computer under KRS 434.850. However, a careful review of the record reveals Day was, in fact, convicted of first-degree unlawful access to a computer under KRS 434.845. Our analysis remains unchanged.

**3.** When a person is improperly convicted of two or more offenses arising "out of a single course of conduct and not requiring proof of a fact which the other does not[,]" the double jeopardy violation is remedied "by maintaining the more severe conviction and vacating the lesser" conviction. *Clark v. Commonwealth,* 267 S.W.3d 668, 678 (Ky.2008).

sions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *Lloyd*, 324 S.W.3d at 387 (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182). Thereafter, in *United States v. Dixon*, the Court clarified that if "each offense contains an element not contained in the other ... they are the 'same offence' [sic] and double jeopardy bars additional punishment and successive prosecution." 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993).

Accordingly, *Blockburger* and *Dixon* teach us that, if a single course of conduct results in a violation of two distinct crimes, and if each crime "requires proof of an additional fact which the other does not," then a person's conviction for both offenses does not violate double jeopardy. *Clark*, 267 S.W.3d at 675; *see also* KRS 505.020 (codifying the *Blockburger* test). As framed by our Supreme Court, the ultimate issue under *Blockburger* is whether "one offense [is] included within another[.]" *Lloyd*, 324 S.W.3d at 387 (footnote omitted). In answering this question, we must closely examine and compare the elements of first-degree robbery and first-degree unlawful access to a computer.

A person is guilty of first-degree robbery when:

in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish theft and when he: (a) [c]auses physical injury to any person who is not a participant in the crime; or (b) [i]s armed with a deadly weapon; or (c) [u]ses or threatens the immediate use of a dangerous instrument upon any person who is not a participant in the crime.

KRS 515.020. We readily break the statute down into the following elements; the defendant must:

(1) in the course of committing a theft

(2) use or threaten the immediate use of physical force

(3) with intent to accomplish the theft

(4) while either

(a) causing physical injury upon a person not a participant in the crime

(b) being armed with a deadly weapon or

(c) using or threatening the immediate use of a dangerous instrument upon a person not a participant in the crime.

KRS 515.020; *Lloyd*, 324 S.W.3d at 388.

Day was also convicted of first-degree unlawful access to a computer when:

he or she, without the effective consent of the owner, knowingly and willingly, directly or indirectly accesses, causes to be accessed, or attempts to access any computer software, computer program, data, computer, computer system, computer network, or any part thereof, for the purpose of: (a) [d]evising or executing any scheme or artifice to defraud; or (b) [o]btaining money, property, or services for themselves or another by means of false or fraudulent pretenses, representations, or promises.

KRS 434.845. The elements of that crime, then, are as follows; the defendant must:

(1) without the owner's consent

(2) knowingly and willingly

(3) access or caused to be accessed a computer or component thereof

(4) in order to either

(a) devise or execute a scheme of fraud, or

(b) obtain money, property, or services by means of false or fraudulent pretenses.

KRS 434.845; 10 Leslie W. Abramson, *Kentucky Practice Series: Substantive Criminal Law* § 7:27 (2nd ed.2000). A mere cursory review reveals that first-degree robbery and first-degree unlawful access to a computer do not share even a single common element. Quite obviously, "each offense contains at least one element that the other does not." *Lloyd*, 324 S.W.3d at 389. Accordingly, because first-degree unlawful access to a computer is not included within first-degree robbery, or vice versa, under the *Blockburger* test, Day's conviction for both offenses does not violate Day's constitutional protections against double jeopardy.

### B. Legislative Intent

 Our conclusion that the *Blockburger* test has been satisfied does not terminate our analysis. As explained by our Supreme Court, "[t]he *Blockburger* test, although highly useful, is simply a rule of statutory interpretation ... [which] serves as a means of discerning congressional purpose[.]" *Lloyd*, 324 S.W.3d at 389–90 (internal quotation marks and footnotes omitted). As a result, "the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." *Id.* (footnote omitted). Simply put, where the legislature clearly intends to prohibit convictions for two offenses arising from one underlying transaction or act, the *Blockburger* test must yield. *Id.*

Here, Day argues the Kentucky legislature did not intend for a person to be convicted both of first-degree robbery and first-degree unlawful access to a computer. Yet, Day fails to provide any evidence of the legislature's intent in support of his conclusory statement. Instead, he relies upon a Florida appellate court's opinion in *Gorday v. State*, 907 So.2d 640 (Fla.App.

2005). The facts of *Gorday* are these. Gorday and her male co-defendant robbed a woman of her purse at scissor point. The victim's purse contained, *inter alia*, a credit card. Thereafter, Gorday drove to a nearby gas station where a police officer observed Gorday attempting to use the victim's stolen credit card. The police officer arrested and charged Gorday with armed robbery with a deadly weapon[4]—scissors—and with credit card theft, a first-degree misdemeanor.[5]

Gorday pleaded guilty to the misdemeanor credit card theft charge. Thereafter, when the State of Florida attempted to prosecute Gorday on the armed robbery charge, Gorday sought to dismiss the felony charge claiming that, because she had already pleaded guilty to credit card theft, the robbery charge violated her protections against double jeopardy. The trial court disagreed and Gorday pleaded guilty to armed robbery, while reserving the right to appeal the denial of her motion to dismiss.

 On appeal, the Florida Court of Appeals acknowledged that, under a strict *Blockburger* analysis, dual convictions for both armed robbery and theft of a credit did not violate double jeopardy. *Gorday*, 907 So.2d at 644. The court explained, however, that *Blockburger* excepts "dual convictions from a single episode where one crime is a degree variant of the other" and, under Florida statute, "armed robbery and credit card theft are merely degree variants of the same core offense of theft." *Id.* Additionally, in examining whether Gorday's convictions arose out of a single episode, the court reasoned the "theft of the victim's credit card was accomplished when her purse was taken away from her in one swift action." *Id.* at

---

4. Section 812.13(2)(a), Florida Statutes (2002).

5. Section 817.60(1), Florida Statutes (2002).

645. It was not the act of *using* the credit card, but the act of *taking* the credit card that gave rise to and completed both crimes. *See id.* As a result, "the taking or theft was complete when the purse was stolen from the victim in one swift motion." *Id.* Consequently, because armed robbery and theft of a credit card, as defined by Florida statute, are degree variants of the underlying crime of theft and Gorday's convictions arose out of a single act, Gorday's dual convictions violated double jeopardy. *Id.* at 645–46.

■■■■■■ Kentucky law, unlike Florida criminal statutes interpreted by *Gorday,* does not consider the two crimes at issue here degree variants of the same underlying crime, *i.e.,* theft. Initially, we note that first-degree robbery falls under Title L, KRS Chapter 515 titled "Robbery" while first-degree unlawful access to a computer falls under Title XL, Chapter 434 titled "Offenses Against Property By Fraud" evincing that the Legislature did not consider the latter to be a mere degree variant of the former. Additionally, unlawful access to a computer is an offense against property while robbery is an offense against a person. *See Commonwealth v. Smith,* 5 S.W.3d 126, 129 (Ky. 1999) ("Foremost, robbery is a crime against a person."); *Morgan v. Commonwealth,* 730 S.W.2d 935, 937–38 (Ky.1987) (noting that "robbery, as an offense against the person, is emphasized while robbery, as an offense against property, is de-emphasized" (quoting KRS 515.020, Kentucky Crime Commission/LRC Commentary)). As a result, statutory prohibition against first-degree robbery is "a deterrent to assaulting an individual, while armed, with the intention of unlawfully obtaining his property whether any of that property is actually taken or not[,]" *Lamb v. Commonwealth,* 599 S.W.2d 462, 464 (Ky.App.1979); on the other hand, prohibition against first-degree unlawful access to a computer is a deterrent to fraudulently

accessing the computer of another without the owner's consent. *See* KRS 434.845. Consequently, we conclude that our Legislature did not intend to prohibit convictions for both first-degree robbery and first-degree unlawful access to a computer arising from one underlying transaction or act. *See, e.g., Lloyd,* 324 S.W.3d at 390–91 (holding that the Kentucky Legislature clearly intended to prohibit dual convictions for first-degree robbery and theft by unlawful taking because of use of the word "theft" in both statutes, and the commentary to the robbery statute represented an unmistakable expression of intent for theft by unlawful taking to be subsumed into robbery).

Moreover, we do not believe Day's convictions arose out of one single act, but instead resulted from two separate, distinct acts. As previously explained, using a handgun, Day first threatened Becker with bodily harm, bound Becker's hands and feet, and stole Becker's debit card and pin number. Day then walked approximately a quarter mile to the BB & T ATM to access Becker's bank account using the stolen debit card. It was not until Day used Becker's ATM card at the BB & T ATM that he committed the offense of first-degree unlawful access to a computer. Day committed the second count of first-degree unlawful access to a computer when he used Becker's ATM card at the U.S. Bank ATM. Thus, it was the separate, subsequent acts of using Becker's ATM card, after the completion of the crime of robbery, which gave rise to the two counts of first-degree unlawful access to a computer. Had Day never unlawfully used Becker's ATM card, he never would have committed the offense of first-degree unlawful access to a computer. The geographical and temporal separation of the specific acts giving rise to each offense compels the conclusion that Day's convictions for first-degree robbery and first-

degree unlawful access to a computer did not arise out of a single incident. Accordingly, no double jeopardy violation occurred.

## IV. *Conclusion*

Dual convictions for first-degree robbery and first-degree unlawful access to a computer do not violate constitutional prohibitions against double jeopardy. The Christian Circuit Court's October 8, 2010 Judgment and Sentence is affirmed.

ALL CONCUR.

