NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

D.T., )
　) 
　　　Appellant, )
　)
v. ) Case No. 2D17-1549
　)
STATE OF FLORIDA, )
　)
　　　Appellee. )
_____ )

Opinion filed October 24, 2018.

Appeal from the Circuit Court for
Hillsborough County; Christopher Nash,
Judge.

Howard L. Dimmig, II, Public Defender, and
Julius J. Aulisio, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes, Senior
Assistant Attorney General, Tampa, for
Appellee.


KELLY, Judge.

　　　　　D.T. appeals from the disposition order that withholds an adjudication of

delinquency but finds that he committed ten felony and three misdemeanor offenses.

We affirm the order with the exception of the disposition on counts seven and eight.

The trial court found that D.T. committed the delinquent acts of theft of a motor vehicle (count six), theft of a firearm that was in the vehicle (count seven), and theft of other property that was in the stolen vehicle (count eight).  We reverse the disposition as to counts seven and eight because the theft of the vehicle and of the contents of that vehicle is one act of taking.  See Rudolf v. State, 851 So. 2d 839, 842 (Fla. 2d DCA 2003) (reversing a conviction for grand theft of property stolen from a truck where the defendant was also convicted of grand theft of the truck); Moore v. State, 904 So. 2d 647, 648 (Fla. 4th DCA 2005) (holding that double jeopardy precluded convictions for both grand theft of a motor vehicle and grand theft based on the defendant's taking of the contents in the vehicle); Beaudry v. State, 809 So. 2d 83, 84 (Fla. 5th DCA 2002) (holding that double jeopardy precludes convictions for both grand theft of a motor vehicle and grand theft of the contents of the vehicle when there is no geographic or temporal separation between the two acts of taking).  Commendably, the State acknowledges that under the facts of this case this law is controlling.

Accordingly, we reverse the disposition on counts seven and eight and remand for dismissal of those two counts.

Affirmed in part, reversed in part, and remanded with directions.


SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.