Steven **MANGRUM**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Supreme Court of Kentucky.

July 5, 1984.

Rehearing Denied Sept. 13, 1984.

William H. Fortune, Lexington, William P. Redick, Jr., Nashville, Tenn., for appellant.

Steven L. Beshear, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

AKER, Justice.

Appellant was convicted of being an accomplice to the sale of marijuana and being an accomplice to possession of marijuana with intent to sell. He received a sentence of ten years and a $10,000 fine for each count, the sentences to run consecutively. He appeals to this court as a matter of right.

On August 17, 1982, Mike Kipper, an undercover narcotics agent for the Kentucky State Police, met with Michael Judd to consumate a prearranged deal at which time Judd was to sell Kipper 163 pounds of marijuana for $55,000. When Judd arrived at the designated meeting place, he was accompanied by Appellant, Steven Mangrum. After some conversation among the group, Judd left to retrieve the marijuana while the appellant remained behind with Kipper in another automobile. Appellant then asked Kipper if he had the money and Kipper replied that he did, at which time Appellant asked to see it. While Appellant was counting the money, he was arrested by other officers who had staked out the area. Shortly thereafter, Michael Judd and his brother Matthew Judd returned to the area with the 163 pounds of marijuana. This transaction resulted in Appellant's aforementioned convictions.

■ Appellant complains that his conviction for being an accomplice to the sale of marijuana was in error because there was no evidence of a completed sale of marijuana since Appellant was arrested before Judd returned with the Marijuana. Sale under the act means to dispose of a controlled substance to another person for consideration or in furtherance of commercial distribution. The fact that Appellant took possession of the money and counted it and that the marijuana was subsequently delivered a short time thereafter, albeit after his arrest, is legally sufficient within the meaning of the definition of sale to support his conviction of being an accomplice to the sale of marijuana (trafficking).

■ Appellant next argues that it was error to convict him of being an accomplice to the *possession* with intent to sell and the *sale* of marijuana, when the charges arose from the same incident. He states that he never aided in the possession of the marijuana and further, that to be charged with possession and sale of the same item in the same transaction is in violation of double jeopardy. We agree. We do not find it necessary to discuss whether or not he aided in the possession other than to say that if Appellant did not aid in the possession of marijuana, then the evidence could not have been sufficient to support his conviction. Conversely, if he *did* aid in the possession of the marijuana, then this would clearly be a violation of the prohibition against double jeopardy as defined in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). It would also be in violation of Section 13 of the Kentucky Constitution, and of KRS 505.020(2). On the facts of this case Appellant wins either way.

Appellant's other allegations of error are either not preserved or without merit. Therefore, Appellant's conviction of being an accomplice to the trafficking of marijuana is affirmed, and his conviction under Indictment # 82–CR–761 for being an accomplice to the possession of marijuana with intent to sell is reversed. This case is remanded to the Warren Circuit Court with

directions to dismiss the indictment for possession.

All concur except WINTERSHEIMER, J., who files a dissenting opinion.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from that part of the majority opinion which reverses the conviction for being an accomplice to possession because I believe possession and trafficking were two separate offenses and the prohibition against double jeopardy in *Blockburger, supra* does not apply.