Antonio SIMPSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2004–CA–000641–MR.

Court of Appeals of Kentucky.

March 11, 2005.

Deanna L. Dennison, Covington, KY, for appellant.

---

Gregory D. Stumbo, Attorney General of Kentucky, David A. Smith, Assistant Attorney General, Frankfort, KY, for appellee.

Before MINTON and TACKETT, Judges; HUDDLESTON, Senior Judge.[1]

## OPINION

MINTON, Judge.

On June 27, 2003, Antonio Simpson was arrested by the Covington police and charged with first-degree trafficking in less than eight ounces of marijuana, a misdemeanor.[2] Because he was driving at the time of his arrest, the police impounded Simpson's car and secured a search warrant. The search of the car uncovered seven bags of marijuana and three sets of digital scales. Based on this evidence, Simpson was indicted for trafficking in marijuana over five pounds.[3] He filed a motion to dismiss the indictment on grounds of double jeopardy because by the time of his indictment, he had already disposed of the misdemeanor with a guilty plea in district court. After the circuit court denied the motion, Simpson entered a conditional guilty plea, reserving an appeal from the denial of his motion to dismiss. We hold that double jeopardy did not prevent the later trafficking charge; thus, we affirm the circuit court's order denying dismissal.

On the date of Simpson's arrest, the Covington Police Department received reliable information that Jeremie Johnson was trafficking in marijuana. The police arranged for a confidential informant to conduct a transaction with Johnson. Johnson arrived at the point of purchase in a car driven by Simpson. Before Johnson got out of the car, police saw Simpson hand Johnson a freezer bag that appeared to contain marijuana. Johnson placed the freezer bag into another bag and left the vehicle. At that point, the officers approached Johnson, who fled on foot. He was later caught with approximately 425 grams of marijuana.

Meanwhile, Officer Bill Conrad removed Simpson from his car and conducted a patdown search. Officer Conrad found two bags of marijuana, a cell phone, and $740 in cash on Simpson's person. Simpson was arrested and initially charged with misdemeanor trafficking in eight ounces or less of marijuana. In a plea bargain in district court, the charge was amended to possession of marijuana,[4] to which Simpson pled guilty.

After Simpson's arrest on the misdemeanor, the Covington Police Department impounded his car and transported it to the evidence garage. A search warrant was obtained; and on July 30, 2003, a search was conducted. The search revealed sufficient evidence for the police to believe that Simpson was trafficking in marijuana. The Kenton County grand jury indicted Simpson for trafficking in five pounds or more of marijuana.

Simpson filed a motion to dismiss the indictment against him, arguing that to try him on the trafficking charges would put him "in jeopardy twice in violation of [his] constitutional rights ... based upon [his]

---

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. Violation of Kentucky Revised Statutes (KRS) 218A.1421(2)(a) is a Class A misdemeanor.

3. Violation of KRS 218A.1421(4) is a Class C felony.

4. KRS 218A.1422, a Class A misdemeanor.

plea of guilty on August 12, 2003[,] to the amended charge of possession of marijuana arising out of the same incident for which [he] stands [i]ndicted." The Kenton Circuit Court denied his motion; on the same day, Simpson entered a conditional plea of guilty to a lesser trafficking charge,[5] reserving the right to appeal from the denial of his motion to dismiss. This appeal follows.

On appeal, Simpson makes the same argument that he made in circuit court. Specifically, he claims that the misdemeanor charge of possession and the felony charge of trafficking both arose out of the events that occurred on June 27, 2003; since possession is a lesser included offense of trafficking, Simpson claims it was error for him to be charged with both offenses. Simpson alleges that his constitutional guarantee against double jeopardy was violated. We disagree.

Both the Fifth Amendment to the United States Constitution and Section 13 of the Kentucky Constitution secure an individual's protection against double jeopardy. The Fifth Amendment specifically states "that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.' "[6] KRS 505.020 provides further protection against "unfair or oppressive prosecution" by prohibiting conviction for more than one offense that is "included in the other."[7]

In *Blockburger v. United States*,[8] the United States Supreme Court elucidated the test applicable to claims of double jeopardy. The Court held, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."[9] So long as each statute "requires proof of an additional fact which the other does not," then double jeopardy does not occur.[10]

Although the Supreme Court later pronounced a separate test for double jeopardy in the case of *Grady v. Corbin*,[11] that test was overruled by the Court's decision in *United States v. Dixon*.[12] Relying on the decision in *Dixon*, the Kentucky Supreme Court has held that in Kentucky, "double jeopardy issues arising out of multiple prosecutions henceforth will be analyzed in accordance with the principles set forth in *Blockburger v. United States* and KRS 505.020."[13]

With regard to the relationship between possession and trafficking charges, "under our current statutes, possession of a controlled substance is a lesser offense included within the trafficking charge."[14]

---

5. Simpson pled guilty to trafficking in eight (8) or more ounces but less than five (5) pounds of marijuana, in violation of KRS 218A.1421(3), a Class D felony, for which Simpson was sentenced to a maximum confinement of two years.

6. *Commonwealth v. Burge*, 947 S.W.2d 805, 808 (Ky.1996), *quoting* U.S. Const. Amend. V.

7. KRS 505.020(1)(a).

8. 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

9. *Id.* at 304, 52 S.Ct. 180.

10. *Id.; see also, Burge, supra*, at 809.

11. 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

12. 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

13. *Burge, supra*, at 811.

14. *Jackson v. Commonwealth*, 633 S.W.2d 61, 62 (Ky.1982).

The Kentucky Supreme Court has also held that it is "error to convict [an individual] of being an accomplice to the *possession* with intent to sell and the *sale* of marijuana, when the charges arose from the same incident." [15]

■ Despite these holdings, there was no error under the facts for Simpson to be charged with both misdemeanor possession of marijuana and felony trafficking in marijuana. Although possession of marijuana is a lesser-included offense of trafficking in marijuana, the charges in this case did not arise from the same incident.

The facts of this case mirror the hypothetical situation posed by the Kentucky Supreme Court in *Beaty v. Commonwealth*.[16] In *Beaty*, law enforcement officers pulled a vehicle over because they had observed it weaving on the highway. Upon approaching the vehicle, the officers smelled "a strong odor of anhydrous ammonia." [17] After arresting the driver, the officers conducted a search of the vehicle. The search revealed "substantial evidence of illegal drug activity," including "three small bags of marijuana, a bag of cocaine, a set of scales, and other assorted drug paraphernalia." [18] A bag in the back seat of the vehicle contained "a piece of burnt aluminum foil bearing methamphetamine residue" and several ingredients used in the manufacturing of methamphetamine; in the trunk, the police officers found three propane tanks and a jar containing methamphetamine residue.[19] The driver was indicted on numerous counts, including possession of a controlled substance in violation of KRS 218A.1415 and manufacturing methamphetamine in violation of KRS 218A.1432(1)(a). He was later convicted on both the possession and the manufacturing charges.[20]

On appeal, the driver argued that his convictions for possession and manufacturing methamphetamine violated his constitutional guarantee against double jeopardy. Citing a Colorado case, the Court agreed, stating that "possession of methamphetamine [is] a lesser included offense of manufacturing methamphetamine for purposes of double jeopardy." [21] And, comparing this case to their earlier decision in *Mangrum v. Commonwealth*, the Court held that "under the facts of this case, [the defendant] could not also be convicted of a separate offense for possessing the methamphetamine that he manufactured." [22]

But, despite their belief that the facts precluded a conviction for both possession and manufacturing, the Court went on to state that the threshold question "is whether the manufacturing and possession convictions were predicated upon the same underlying facts. Without this factual unity, multiple convictions are not proscribed." [23] The Court noted that convictions for both possession and manufacturing methamphetamine would have been justified in this case "if the methamphetamine that he was convicted of possessing was not the same methamphetamine that he was convicted of manufacturing." [24] The Court further stated:

15. *Mangrum v. Commonwealth*, 674 S.W.2d 957, 958 (Ky.1984).

16. 125 S.W.3d 196 (Ky.2003).

17. *Id.* at 201.

18. *Id.*

19. *Id.*

20. *Id.*

21. *Id.* at 211.

22. *Id.* at 212

23. *Id.*

24. *Id.* at 213.

[I]f the conviction of possession was premised upon the methamphetamine found in the jar in the trunk of the vehicle, KRS 505.020(1)(a) would require that the possession conviction be vacated. However, if the conviction was premised upon the methamphetamine residue found on the piece of burnt aluminum foil in the duffel bag in the back seat, the conviction would not necessarily violate KRS 505.020(1)(a). This residue would have been sufficient to support a conviction under KRS 218A.1415(1), and a reasonable jury could have believed that this residue was not a product of the manufacturing process occurring in the trunk of the vehicle, e.g., the residue represented methamphetamine purchased on the street or manufactured elsewhere and used personally by Appellant. With such a finding, a reasonable jury could have convicted Appellant of manufacturing methamphetamine (based upon the manufacturing process occurring in the trunk of the vehicle) and possession of methamphetamine (based upon the residue found in the back seat) without violating KRS 502.020(1)(a).[25]

The facts of the present case indicate that the misdemeanor possession charge stemmed from the patdown search of Simpson, while the felony trafficking charge arose following a search of Simpson's vehicle some three days later. These facts parallel the theoretical situation discussed by the Court in *Beaty*. We agree that had the police found only the marijuana in Simpson's car, convictions for both possession and trafficking of that marijuana would have violated Simpson's constitutional guarantee against double jeopardy. But because the possession charge stemmed from the marijuana the police found during their patdown of

Simpson and the trafficking charge arose from the significant amount of marijuana and the digital scales that the police found in the car after the vehicle was impounded and a search warrant obtained, conviction on both charges was constitutionally permissible. A reasonable jury could have found that the marijuana on Simpson's person was for his own personal use, while the significant amount of marijuana in the car was for trafficking. Thus, the separate charges for possession and trafficking were permissible.

The difference in time between the patdown and the search of the car bolsters our belief that Simpson's charges did not spring from the same incident. Although the charge date for both crimes was June 27, 2003, the date when the police pulled Simpson over, the trafficking charges did not arise until June 30, 2003, when the police discovered the marijuana in his car. Simpson seems to argue that the police erred by failing to conduct a warrantless search at the time of his initial arrest, stating:

> [t]he Officers had the right to conduct a warrantless search of the vehicle right then and there under two separate exceptions to the warrant requirement; namely, a search incident to a lawful arrest and a search based on probable cause (the marijuana seen in plain view inside the vehicle) and exigent circumstances. Instead, however, the Officers chose to have the vehicle towed to the Covington evidence garage to conduct a search pursuant to a warrant on the following business day, which was three days later.

We do not find fault with the officers' actions in choosing to secure the car and obtain a search warrant before conducting a search of Simpson's car.

25. *Id.* (Citation omitted).

For these reasons, the decision of the Kenton Circuit Court is affirmed.

ALL CONCUR.