Todd Carl **FILZEK**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2008–CA–000536–MR.

Court of Appeals of Kentucky.

Feb. 20, 2009.

Ordered Published by Supreme Court
Aug. 19, 2009.

Discretionary Review Denied by
Supreme Court Aug. 19, 2009.

R. Tucker Richardson, III, Brandi Lewis, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Heather M. Fryman, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT and TAYLOR, Judges; GRAVES,[1] Senior Judge.

*OPINION*

GRAVES, Senior Judge.

Todd Carl Filzek entered a conditional guilty plea to four counts of violating KRS

---

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

510.155, which prohibits the unlawful use of electronic means to induce a minor to engage in sexual or other prohibited activities. In exchange for his plea, he received a total of five years' imprisonment. On appeal, Filzek argues that: (1) KRS 510.155 is unconstitutional; and (2) the multiple counts of the indictment violate double jeopardy principles. We affirm.

The charges against Filzek arose from four conversations he had on the internet and telephone with an undercover police detective posing as a fourteen-year-old girl named Joy. During these internet conversations, Filzek provided Joy with his telephone number so that she could call him and listen to him masturbate. Filzek also arranged to meet Joy in person so that he could engage in sexual activities with her. He sent Joy photographs of himself including one of his penis. In total, there were four separate conversations occurring October 5th, 6th, 10th, and 12th. Filzek entered a conditional guilty plea in Fayette Circuit Court. This appeal followed.

Filzek argues that the peace officer provision of KRS 510.155 violates the First Amendment of the United States Constitution both on its face and as applied to him because no actual child was involved in his communications and that the statute punishes mere belief.

KRS 510.155(1) states:
It shall be unlawful for any person to knowingly use a communications system, including computers, computer networks, computer bulletin boards, cellular telephones, or any other electronic means, for the purpose of procuring or promoting the use of a minor, or a peace officer posing as a minor if the person believes that the peace officer is a minor or is wanton or reckless in that belief, for any activity in violation of KRS 510.040, 510.050, 510.060, 510.070, 510.080, 510.090, 529.100 where that offense involves commercial sexual activity, or 530.064(1)(a), or KRS Chapter 531.

"Offers to engage in illegal transactions are categorically excluded from First Amendment protection." *U.S. v. Williams,* 553 U.S. 285, 128 S.Ct. 1830, 1841, 170 L.Ed.2d 650 (2008). In *Williams,* the United States Supreme Court held that a federal statute which prohibited the pandering and solicitation of child pornography did not run afoul of the First Amendment. *Id.* The Supreme Court further found that the statute in question did not violate the First Amendment protection of virtual child pornography enunciated in *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002) because "[a] crime is committed only when the speaker believes or intends the listener to believe that the subject of the proposed transaction depicts real children." *Williams,* 128 S.Ct. at 1844.

KRS 510.155 merely prohibits the use of electronic means to engage in or solicit already otherwise prohibited activities. As such, the First Amendment protections are not implicated. Under *Williams,* a defendant could be convicted for pandering or soliciting virtual pornography if the defendant believed that the pornography involved actual children. The same reasoning applies by analogy to the peace officer provision of KRS 510.155. It is not material that the child turned out to be a police officer. It is the defendant's belief that he was soliciting an actual child to engage in sexual activities which is at issue. "There is no First Amendment exception from the general principle of criminal law that a person attempting to commit a crime need not be exonerated because he has a mistaken view of the facts." *Williams,* 128 S.Ct. at 1845. KRS 510.155 is not unconstitutional on its face or as applied to Filzek.

Filzek next argues that the multiple counts of the indictment violated the protection against double jeopardy because they were part of an ongoing course of conduct.

KRS 505.020 provides in relevant part: (1) When a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense when:

. . . .

(c) The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses.

"Whether a particular course of conduct involves one or more distinct offenses under a statute depends on how a legislature has defined the allowable unit of prosecution." *Williams v. Commonwealth,* 178 S.W.3d 491, 495 (Ky.2005).

KRS 510.155(1) defines its unit of prosecution as the unlawful use of electronic means to procure or promote the use of a minor " . . . for any activity in violation of KRS 510.040, 510.050, 510.060, 510.070, 510.080, 510.090, 529.100 where that offense involves commercial sexual activity, or 530.064(1)(a), or KRS Chapter 531." The singular use of the words "any" and "activity" indicates that the Legislature intended prosecution for each incident involving electronic means to engage in the proscribed conduct.

In this case each count of the indictment referred to conduct which would constitute a violation of KRS 510.155 in and of itself. On October 5, 2006, Filzek used the internet to send an explicit photograph of himself to Joy and indicated several times that he wished to perform oral sodomy on her. On October 6, 2006, Filzek again stated that he wished to engage in sexual activity with Joy and asked that she engage in phone sex with him. He also solicited "naughty" photographs of Joy. On October 10, 2006, Filzek masturbated while on the phone with Joy, stated that he would like to touch her, and asked if she would like to lose her virginity to him. On October 12, 2006, Filzek again masturbated while on the telephone and arranged a meeting place for sexual activity. The facts of this case did not demonstrate a course of conduct which culminated in a single proscribed activity. Although Filzek's conversations all involved internet and telephone conversations with Joy, each count of the indictment referred to temporally discrete incidents that involved the use of the internet and telephone to engage in distinct proscribed activities. The protection against double jeopardy was not violated.

Accordingly, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.