CORRECTED: JULY 9, 2019
RENDERED: JUNE 13, 2019
TO BE PUBLISHED

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

2017-SC-000599-DG

DATE 7/9/19 Kim Redmon, DC



DONALD G. ADAMS          APPELLANT

ON REVIEW FROM COURT OF APPEALS

V.          CASE NO. 2016-CA-001739-MR

DAVIESS CIRCUIT COURT NO. 95-CR-00182-001

COMMONWEALTH OF KENTUCKY          APPELLEE

**OPINION OF THE COURT**

After a complete review of the parties' briefs, statutory law, and oral argument, the Opinion of the Court of Appeals is affirmed. The Court of Appeals thoroughly considered the circumstances of this case and the applicable law. For these reasons, we adopt the Opinion of the Court of Appeals:

BEFORE: CLAYTON, COMBS, AND D. LAMBERT, JUDGES.

COMBS, JUDGE: The Commonwealth of Kentucky appeals an order of the Daviess Circuit Court granting Donald Adams's application to vacate and

expunge his four felony convictions for theft by unlawful taking, value of $300[1] or more. It argues that the circuit court acted erroneously when it determined that the four felony convictions arose from a "single incident" as contemplated by the expungement statute, KRS 431.073(1). We reverse and remand because we agree with the Commonwealth that the application to expunge was improperly granted.

In June 1995, a Daviess County Grand Jury returned a single indictment against Adams charging him with four counts of theft by unlawful taking, value of $300 or more, a Class D felony. The charges stemmed from Adams's—either alone or in complicity with others—stealing a total of thirty-four Holstein heifers from Sunny View Farms in Daviess County on four different occasions over the course of approximately six months. Four heifers were taken in August 1994, five in September 1994, seventeen in November 1994, and eight in February 1995. In October 1996, Adams pled guilty to all four charges. He was sentenced to two-years' imprisonment, but he was granted shock probation after serving sixty-three days. He completed his probation in February 1998.

In 2016, the General Assembly passed House Bill 40 allowing people convicted of one Class D felony -- or a series of Class D felonies arising out of the same incident -- to have their convictions expunged from public

---

[1] KRS (Kentucky Revised Statutes) 514.030. The statute was later revised and changed the value of the theft to $500.00.

records.[2] KRS 431.073 was enacted as a result and took effect on July 15, 2016. On August 23, 2016, Adams petitioned the court to vacate and expunge his theft convictions. The Commonwealth objected, however, arguing that Adams's convictions were not eligible for expungement because they did not "arise out of a single incident" as required by KRS 431.073(1).

A hearing was held at which Adams argued that the circuit court should grant his petition because all four theft counts were contained in one indictment, involved the same victim, and were parts of the same course of conduct. The Commonwealth articulated its objection regarding KRS 431.073(1). At the conclusion of the hearing, the court granted Adams's expungement request. In so doing, the court reasoned that there was a single victim, that the four incidents could be considered a series, and that the theft could be considered a single incident. The court subsequently entered an order granting expungement. It is from that order that the Commonwealth now appeals.

The issue argued by the Commonwealth presents a question regarding the scope and interpretation of KRS 431.073—the felony expungement statute. Because statutory interpretation involves questions of law, "our review is de novo; and the conclusions reached by the lower courts are entitled to no deference." *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky. 2011) (citations omitted).

---

[2] Only certain Class D felonies are eligible for expungement.

When faced with statutory interpretation, it is "the seminal duty of a court . . . to effectuate the intent of the legislature." *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002) (citations omitted). "The most logical and effective manner by which to determine the intent of the legislature is simply to analyze the plain meaning of the statutory language[.]" *Stephenson v. Woodward*, 182 S.W.3d 162, 169-70 (Ky. 2005). "[S]tatutes must be given their literal interpretation unless they are ambiguous and if the words are not ambiguous, no statutory construction is required. We lend words of a statute their normal, ordinary, everyday meaning." *Id.* at 170 (citations omitted).

The sole issue on appeal is whether the circuit court erred in finding that Adam's four theft offenses -- committed on four different days over a six- month period -- arose from a "single incident." Adams argues that the circuit court correctly found that because Adams's thefts involved only one victim, they could be considered a single incident under KRS 431.073. However, after considering the statute's plain language, we are compelled to disagree with the circuit court's expansive reading of KRS 431.073(1).

KRS 431.073(1) provides in pertinent part:

> Any person who has been convicted of a Class D felony violation of [a list of statutes that includes KRS 514.030-theft by unlawful taking], or **a series of Class D felony violations** of one (1) or more statutes enumerated in this section **arising from a single incident** . . . may file with the court in which he or she was convicted an application to have the judgment vacated.

-4-

(Emphases added.) The words "single incident" are not specifically defined anywhere within KRS Chapter 439. Consequently, because the language of the statute is clear on its face, the words must be "interpreted as taking their ordinary, contemporary, common meaning." *Lee v. Haney*, 517 S.W.3d 500, 503 (Ky. App. 2017) (citations omitted).

The general dictionary definition of "incident" includes "an occurrence of an action or situation that is a separate unit of experience." *Merriam-Webster Collegiate Dictionary* (11th ed. 2005), available at *http://www.merriam-webster.com/dictionary/incident*. Black's Law Dictionary defines it as "[a] discrete occurrence or happening." *Black's Law Dict.* (8th ed. 2004). The term "single" as used in this context means "consisting of one alone; individual." *Id.* Therefore, "single incident," in its common, everyday parlance, refers to one discrete occurrence that is a separate unit of experience.

We have examined and applied the concept of numerous "crimes arising from a 'single incident'" in the past -- albeit in different criminal contexts. After a review of those cases, it appears that when determining whether a series of crimes arose out of the same incident, one of our chief considerations has been the temporal proximity of the separate crimes.

In *Simpson v. Commonwealth*, 159 S.W.3d 824 (Ky. App. 2005), the appellant was charged with both possession of marijuana and trafficking in marijuana after his car was pulled over and a patdown search revealed marijuana on his person; a search of his car three days later revealed sufficient evidence for the police to believe that the appellant was trafficking. We held

that the charges did not arise from the same incident because the marijuana found on the appellant was the basis for the possession charge, and the marijuana found in the car three days later was the basis for the trafficking charge. In so holding, we noted: "The *difference in time* between the patdown and the search of the car bolsters our belief that Simpson's charges did not spring from the same incident." *Id.* at 828 (emphasis added).

In *Filzek v. Commonwealth*, 309 S.W.3d 790 (Ky. App. 2009), the appellant was charged with four counts of unlawful use of electronic means to induce a minor to engage in sexual or other prohibited activities arising from several phone and internet conversations that he had with one whom he believed to be a fourteen-year-old girl. He argued that the indictment containing multiple counts violated the proscription against double jeopardy because each incident was part of an ongoing course of conduct. We held that the facts of the case did not demonstrate a course of conduct:

> [a]lthough Filzek's conversations all involved internet telephone conversations with Joy, each count of the indictment referred to *temporally discrete* incidents that involved the use of the internet and telephone to engage in distinct proscribed activities.

*Id.* at 792 (emphases added).

In *Day v. Commonwealth*, 367 S.W.3d 616 (Ky. App. 2012), the appellant was convicted both of first-degree robbery and of first-degree unlawful access to a computer for pointing a gun at a man, stealing his debit card and pin number, and then walking a quarter of a mile to use the credit card to obtain money from an ATM machine. Appellant argued that his

-6-

convictions violated the proscription against double jeopardy because they arose from one continuous act with no separation in time and space. We determined that "[t]he geographical and *temporal separation* of the specific acts giving rise to each offense compels the conclusion that [the offenses] did not arise out of a single incident." *Id.* at 623 (emphasis added).

Based on the common meaning of "single incident" and our past precedent, we conclude that the phrase "a series of Class D felony violations . . . arising from a single incident" in KRS 431.073(1) refers to criminal offenses that were performed in the furtherance of an individual criminal episode and that were closely compressed in terms of time. Reviewing the facts of this case, we believe that Adams's four individual thefts did not "arise from a single incident" as the phrase is commonly understood. Instead, each of Adam's thefts involved a temporally discrete criminal episode. In each instance, Adams formed a separate criminal intent to steal heifers, and he proceeded to fulfill his criminal objective. Following each theft, Adams had more than a sufficient amount of time to disassociate himself from the criminal act. A successive incident occurred when Adams formed a new criminal intent and completed a separate and distinct theft. Because Adams was convicted of a series of Class D felonies that did **not** arise out of the same incident, the circuit court erred in granting his petition for expungement.

We reverse the order of the Daviess Circuit Court and remand for entry of an order consistent with this opinion.

ALL CONCUR.

-7-

Minton, C.J.; Buckingham, Hughes, Keller, VanMeter, and Wright, JJ., sitting. All concur. Lambert, J., not sitting.

COUNSEL FOR APPELLANT:
Marty G. Jacobs
Jacobs & Pfeifer, PSC
Owensboro, Kentucky

COUNSEL FOR APPELLEE:
Andy Beshear
Attorney General of Kentucky

John Paul Varo
James Patrick Judge
Assistant Attorney General
Frankfort, Kentucky

# Supreme Court of Kentucky

2017-SC-000599-DG

DONALD G. ADAMS

APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                     NO. 2016-CA-001739
DAVIESS CIRCUIT COURT NO. 95-CR-00182-001

COMMONWEALTH OF KENTUCKY

APPELLEE

## ORDER CORRECTING

The Opinion of the Court rendered June 13, 2019 is corrected and the attached opinion is hereby substituted in lieu of the original opinion. Said correction does not affect the holding of the original opinion rendered by the Court.

ENTERED: July 9, 2019.

_____
Chief Justice