RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1067-MR

ADAM BOONE                                                     APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 20-CR-00102

COMMONWEALTH OF KENTUCKY                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND K. THOMPSON, JUDGES.

GOODWINE, JUDGE: Adam Michael Boone ("Boone") appeals from the August

30, 2021 judgment and sentence on verdict of the jury of the Kenton Circuit Court.

We affirm.

Boone was indicted by the Kenton County grand jury on one count of

unlawful use of electronic means to induce a minor to engage in sexual activity

("UUEM")[1] and one count of sexual abuse in the first degree.[2]

On November 19, 2019, Boone believed he was conversing with C.C., a thirteen-year-old girl, via Facebook Messenger.[3] In reality, C.C.'s father initiated the conversation posing as his daughter. Throughout the conversation, Boone sent multiple messages of a sexual nature. He requested to meet C.C. to engage in sexual activities. He also requested she send him a video of herself. When C.C.'s father asked him to send a video first, Boone sent a video recording showing a man stroking his erect penis. C.C.'s father responded, "That ain't you." Boone then initiated a video chat. C.C.'s father asked her to answer the call and when she did, Boone first showed his face before moving to show his erect penis.[4] The call then ended.

At trial, the Commonwealth presented the testimony of five witnesses including C.C. and her father. C.C. testified that she did not see the first video recording Boone sent to her phone but did see him "rubbing" and "playing with" his penis during the video chat. Boone did not testify or present any evidence on his own behalf.

---

[1] Kentucky Revised Statutes ("KRS") 510.155(1), a Class D felony.

[2] KRS 510.110(1)(c)3., a Class D felony.

[3] Boone and C.C. had met previously because she was a friend of Boone's girlfriend's daughter.

[4] Although C.C.'s father initiated contact with Boone, she was present during part of the conversation and saw some of Boone's messages.

The jury was instructed on both UUEM and sexual abuse in the first degree. The trial court rejected Boone's request for the jury to be instructed on criminal attempt for both offenses. The jury found Boone guilty on both counts and recommended the maximum sentence. The trial court sentenced Boone to five years' imprisonment for each offense to be served consecutively. This appeal followed.

On appeal, Boone argues the trial court should have instructed the jury on attempted UUEM and sexual abuse in the first degree. We review a trial court's decision not to give an instruction for abuse of discretion. *Harris v. Commonwealth*, 313 S.W.3d 40, 50 (Ky. 2010) (citation omitted).

Boone was not entitled to have the jury instructed on attempt for either offense. "A person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime, he . . . [i]ntentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be[.]" KRS 506.010(1)(a). An instruction on attempt, like any lesser-included offense, is required only where a juror could reasonably find the defendant is not guilty of the greater offense but was guilty of the lesser one. *Quist v. Commonwealth*, 338 S.W.3d 778, 786 (Ky. App. 2010) (citation omitted). A trial court may reject instructions not supported

by the evidence. *Hunt v. Commonwealth*, 304 S.W.3d 15, 30 (Ky. 2009) (citation omitted); *see also Harris*, 313 S.W.3d at 50 (citation omitted).

First, Boone argues he was entitled to the attempt instruction for UUEM because he did not actually converse with C.C. but rather communicated with her father. A person is guilty of UUEM where he

> knowingly use[s] a communications system, including computers, computer networks, computer bulletin boards, cellular telephones, or any other electronic means, for the purpose of procuring or promoting the use of a minor, or a peace officer posing as a minor if the person believes that the peace officer is a minor or is wanton or reckless in that belief, for any activity in violation of KRS 510.040, 510.050, 510.060, 510.070, 510.080, 510.090, 510.110, 529.100 where that offense involves commercial sexual activity, or 530.064(1)(a), or KRS Chapter 531.

KRS 510.155(1).[5] This Court has previously held "the identity of the person receiving the communication is not the dispositive issue under KRS 510.155(1)." *Cayton v. Commonwealth*, 580 S.W.3d 553, 556 (Ky. App. 2019) (citing *Filzek v. Commonwealth*, 309 S.W.3d 790, 791 (Ky. App. 2009)). Instead, the question is whether the defendant believed he was soliciting a minor for sexual activities. *Id*.

Here, Boone did not know he was communicating with C.C.'s father but believed he was sending sexually explicit messages to a minor and requested to

---

[5] This version of KRS 510.155(1) was effective in 2019. The statute has since been amended and the new version became effective on June 29, 2021.

meet her for the purposes of engaging in sexual activities. Given the evidence in the record, the trial court did not abuse its discretion by rejecting the attempt instruction for UUEM. No juror could reasonably believe Boone was not guilty of UUEM but was guilty of attempted UUEM.

Next, Boone argues he was entitled to an instruction on attempted sexual abuse in the first degree because his poor internet connection during the video chat prevented him from committing sexual abuse in the first degree. He further argues a juror could reasonably believe he had only attempted to masturbate during the video chat. A person is guilty of first degree sexual abuse when, "[b]eing twenty-one (21) years old or more, he or she . . . [e]ngages in masturbation while using the Internet, telephone, or other electronic communication device while communicating with a minor who the person knows is less than sixteen (16) years old, and the minor can see or hear the person masturbate[.]" KRS 510.110(1)(c)3.

Here, C.C. testified she saw Boone rubbing and playing with his erect penis during the video chat. The jury was also shown a recording of the chat. Regardless of the strength of his internet connection or the length of the video chat, evidence supports the jury's conclusion that he completed the offense under KRS 510.110(1)(c)3. Given the evidence presented at trial, no juror could reasonably believe Boone was not guilty of sexual abuse in the first degree but was guilty of

-5-

attempt of the offense.  Again, the trial court did not abuse its discretion in refusing to instruct the jury on attempt.

Based on the foregoing, we affirm the judgment and sentence on verdict of the jury of the Kenton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert C. Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky